**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

   v.                                    **5:07-CR-410 (NAM)**

**JONATHAN HARRISON,**

   **Defendant.**
_____

**APPEARANCES:**                                 **OF COUNSEL:**

Office of the Federal Public Defender            Melissa A. Tuohey,
Districts of Northern New York & Vermont         Assistant Federal Public Defender
The Clinton Exchange, 3rd Floor
4 Clinton Square
Syracuse, NY 13202
For Defendant

Andrew T. Baxter                                 Ransom P. Reynolds, III
Acting United States Attorney                    Assistant United States Attorney
Office of the United States Attorney
100 South Clinton Street
Syracuse, NY 13261-7198

**Hon. Norman A. Mordue, Chief United States District Judge**

**MEMORANDUM DECISION AND ORDER**

**I. INTRODUCTION**

  Defendant Jonathan Harrison was charged in a one count indictment with knowingly and intentionally possessing with intent to distribute more than fifty (50) grams of a mixture and substance containing cocaine base (crack), in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). On October, 7, 2008, following a two-day trial, a jury found defendant guilty. Presently before the Court is defendant's motion for a judgment of acquittal pursuant to Rule 29(c) of the Federal Rules of Criminal Procedure. Alternatively, defendant moves for a new trial pursuant to Rule 33.

The government opposes defendant's motion.

**II.    FACTUAL BACKGROUND**

At trial, the government introduced evidence that on November 2, 2006, defendant was arrested following a traffic stop during which law enforcement found marijuana and a firearm in the vehicle in which defendant and three others were traveling.  At trial, New York State Trooper Joseph Krywalksi testified that he handcuffed defendant and Lamar Watson, who was also arrested following the traffic stop, to a pole in a processing room at the New York State Police barracks.  Trooper Krywalksi stated that after another law enforcement officer removed Watson from the processing room to be strip searched, only he and defendant were in the room.  Trooper Krywalksi testified that he then took:

> a half a step out [of the room] to get somebody's attention . . . and I heard the clanking of metal on metal . . . .  I stopped and popped my head back in, and I see Jonathan Harrison with his back to me . . . his handcuffs were hitting the metal pole making the clanging noise and he shook his leg, and that's when I saw the plastic bag fall out of his pants onto the floor.

Trooper Krywalksi stated that when he asked defendant what he was doing, "he didn't say anything but he turned around and he sat down on the bench and hung his head."  During trial, the parties stipulated: that the plastic bag contained 120.8 grams of cocaine base (crack); and that 120.8 grams of cocaine base (crack) "is more than a person would possess for personal use and is a quantity that would be possessed for purposes of distribution."  Gov't Ex. 37.  Thus, the only issue before the jury was whether defendant possessed the cocaine base (crack).  As stated above, the jury found defendant guilty.

**II.    DISCUSSION**

    **A.    Judgment of Acquittal**

2

Defendant asserts that the evidence at trial was legally insufficient to establish his guilt beyond a reasonable doubt because the government failed to prove that he possessed the crack cocaine at issue. In deciding a motion for judgment of acquittal, the Court must view the evidence presented in the light most favorable to the government and draw all reasonable inferences in its favor. *See United States v. Puzzo*, 928 F.2d 1356, 1361 (2d Cir. 1991). "[T]he court must be careful to avoid usurping the role of the jury" by substituting its own determinations of credibility or relative weight of the evidence. *United States v. Guadagna*, 183 F.3d 122, 129 (2d Cir. 1999). A court "must determine whether upon the evidence, giving full play to the right of the jury to determine credibility, weigh the evidence, and draw justifiable inferences of fact, a reasonable mind might fairly conclude guilt beyond a reasonable doubt." *United States v. Mariani*, 725 F.2d 862, 865 (2d Cir. 1984) (quoting *United States v. Taylor*, 464 F.2d 240, 243 (2d Cir. 1972)) (internal quotation marks omitted). "[I]f the court 'concludes that either of the two results, a reasonable doubt or no reasonable doubt, is fairly possible, [the court] must let the jury decide the matter.'" *Guadagna*, 183 F.3d at 129 (quoting *Curley v. United States*, 160 F.2d 229, 233 (D.C.Cir. 1947)) (first alteration added).

With these principles in mind, the Court must uphold the jury's verdict in this case if it finds that "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). A defendant shoulders a "heavy burden" in challenging the sufficiency of evidence supporting a conviction, *United States v. Matthews*, 20 F.3d 538, 548 (2d Cir. 1994), and the Court finds that defendant has failed to meet it in the instant matter.

Defendant asserts that Trooper Krywalksi's testimony was not credible and points out that

3

there were no other witnesses to the "alleged event." Defendant argues that Trooper Krywalksi's testimony is suspect because he stated in his police report dated November 3, 2006, that defendant had a plastic bag containing crack cocaine concealed in his underpants, but then testified to a grand jury two months later that he witnessed defendant shake the plastic bag out of his pant leg while handcuffed to a pole, and admitted on cross-examination that his statement in the police report was an assumption.

Defendant also argues that if he did possess such a large amount of crack cocaine, the law enforcement officers should have discovered it during the course of the pat down search that they conducted at the scene of the traffic stop. Next, defendant asserts that it is "incredible to believe" that defendant, who had close access to a garbage can and one hand free, would shake the plastic bag out of his pants instead of using his hand to remove it from his pants and throw it into the nearby garbage can. Defendant points out that Trooper Krywalksi "did nothing to preserve the crime scene or the evidence" after finding the plastic bag with the crack cocaine.

Finally, defendant asserts "[w]hat is most questionable, is that although Trooper Krywalski" testified that defendant was the only person in possession of the crack cocaine, any of the three other people traveling in the vehicle within him could have possessed the crack cocaine. In support of this argument, defendant cites a State felony complaint which charged four people who were in the vehicle at the time of the traffic stop with possession of the crack cocaine at issue.

In this trial, defense counsel made the arguments referenced herein along with others equally compelling to the jury in connection with attempting to cast doubt over whether defendant possessed the crack cocaine that Trooper Krywalski testified defendant shook out of his pant leg

4

while in the New York State Police barracks. It is, however, the function of the jury to determine the credibility of witnesses, weigh evidence, and draw "justifiable inferences of fact from proven facts." *Curley*, 160 F.2d at 233. The Court is confident that the jury did so in this case and that the evidence presented by the government was sufficient to establish defendant's guilt beyond a reasonable doubt.

### B. Motion for a New Trial

Alternatively, defendant moves for a new trial pursuant to Rule 33 on the bases of Trooper Krywalksi's "incredible testimony". Pursuant to Fed. R. Crim. P. 33, a court "may grant a new trial to [the] defendant if required in the interest of justice." *United States v. Sanchez*, 969 F.2d 1409, 1413 (2d Cir. 1992). Further, "the court is entitled to 'weigh the evidence and in so doing evaluate for itself the credibility of the witnesses.'" *Id.* (quoting *United States v. Lincoln*, 630 F.2d 1313, 1319 (8th Cir. 1980)). However, in *Sanchez*, the Second Circuit explained:

> It is only where exceptional circumstances can be demonstrated that the trial judge may intrude upon the jury function of credibility assessment. Where testimony is patently incredible or defies physical realities, it may be rejected by the court, despite the jury's evaluation. But the trial judge's rejection of all or part of the testimony of a witness or witnesses does not automatically entitle a defendant to a new trial. The test is whether "it would be a manifest injustice to let the guilty verdict stand."

*Id.* at 1414 (internal citations omitted) (quoting *United States v. Reed*, 875 F.2d 107, 114 (7th Cir. 1989)).

By its terms, Rule 33 confers on the trial court greater discretion to grant a new trial than to grant a motion for a judgment of acquittal, but "where the truth of the prosecution's evidence must be assumed, that discretion should be exercised sparingly." *Id.* (internal citation omitted). In view of this standard, defendant's motion for a new trial based on the insufficiency of the evidence must be denied. The Court finds that defendant has failed to present "exceptional

5

circumstances" which would warrant this Court's interference with the jury's function or actual evidence suggesting a miscarriage of justice will occur absent such intervention. Accordingly, defendant's motion for a new trial pursuant to Rule 33 is denied.

### IV.   CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that defendant's motion for a judgment of acquittal, or, alternatively, for a new trial, is **DENIED** in its entirety.

**IT IS SO ORDERED.**

Date:  February 4, 2009

Norman A. Mordue
Chief United States District Court Judge